**EXHIBIT B**

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | ) <br> ) <br> ) Chapter 11 |
| ROCKFORD PRODUCTS CORPORATION, *et al.*, | ) <br> ) <br> ) Case No. 07 B 71768 |
| Debtors.[1] | ) Jointly Administered <br> ) <br> ) Hon. Manuel Barbosa <br> ) |

**INTERIM ORDER DETERMINING ADEQUATE ASSURANCE
OF PAYMENT FOR FUTURE UTILITY SERVICES**

This matter having come before the Court on the Debtors' motion (the "Motion") for the entry of interim and final Orders, pursuant to sections 105(a), 366(b), 503(a) and 507(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et al.*, (the "Bankruptcy Code") determining adequate assurance of payment for future utility services, and the Court being satisfied with the representations made in the Motion that the relief sought would be in the best interest of the Debtors' estates and creditors; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary under the circumstances; and after due deliberation thereon and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT

1. The Motion is GRANTED on an interim basis.

2. Subject to the Adequate Assurance Procedures described in paragraph __ below, the Debtors' Utility Providers are adequately assured of payment for future utility services by virtue of the Proposed Adequate Assurance.

---

[1] The Debtors are Rockford Products Corporation and Rockford Products Global Services, Inc.

3. The Debtors shall provide a deposit equal to two (2) weeks of utility service, calculated as a historical average over the twelve (12) months immediately preceding the Petition Date, to any Utility Provider who requests such a deposit in writing (an "Adequate Assurance Request") within ten (10) days after service by the Debtors of this Interim Order on such Utility Provider.

4. In the event that a Utility Provider does not make an Adequate Assurance Request, then each such Utility Provider is deemed adequately assured of payment for future utility services by virtue of its contentment with the status quo implicit in their decision not to make an Adequate Assurance Request.

5. The Adequate Assurance Procedures are hereby approved as set forth in the Motion.

6. If any Utility Provider believes additional assurance is required, they may request such additional assurance pursuant to the following Adequate Assurance Procedures:

   a. Absent compliance with the Adequate Assurance Procedures, the Utility Providers are forbidden to discontinue, alter or refuse service on account of any unpaid prepetition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance pending entry of the Final Order.

   b. Within 2 business days after the entry of the order granting this Motion (the "**Interim Order**"), the Debtors will mail a copy of the Interim Order to the Utility Companies identified on the Utility Service List.

   c. Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments or otherwise must serve a request (an "Additional Assurance Request") so that it is received, within thirty (30) days after service of the Interim Order (the "Request Deadline"), by the Debtors at the following addresses: (i) Rockford Products Corporation, 707 Harrison Avenue, Rockford, Illinois 61104 (Attn: Douglass D. Wells); (ii) LeBoeuf, Lamb, Greene & MacRae LLP, 180 North Stetson Street, Suite 3700, Chicago, Illinois 60610 (Attn: Mohsin N. Khambati); and (iii) Goldberg Kohn, 55 East Monroe, Suite 3300, Chicago, Illinois 60603 (Attn: Andrew Cardonick).

    d. Any Additional Assurance Request must (i) be made in writing; (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, and (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

    e. Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have the greater of (i) fourteen (14) days from the receipt of such Additional Assurance Request or (ii) thirty (30) days from the Petition Date (collectively, the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

    f. Without further order of the Court, but subject to the consent of the Debtors' pre-petition and post-petition lender, the Debtors may enter into agreements with any Utility Companies providing any additional assurance of future payment that the Debtors, in their sole discretion, determine is reasonable. In addition, the Debtors will provide not less than five (5) days' prior written notice to any official committee of unsecured creditors appointed in these cases and Bridge if the Debtors agree to pay a deposit or provide another form of security to a Utility Provider that is in excess of two (2) times the Debtors' average monthly payments to such Utility Provider over the preceding 12 months.

    g. If a Utility Provider timely requests additional assurance of future payment that the Debtors believe is unreasonable, the Debtors will, within 30 days after the Request Deadline, (i) file a motion seeking a determination of adequate assurance of future payment with respect to the requesting Utility Provider (a "Determination Motion") and (ii) schedule the Determination Motion to be heard by the Court at the next regularly-scheduled omnibus hearing in these cases that is at least 20 days after the filing of the Determination Motion (a "Determination Hearing").

    h. Any Utility Provider that does not submit a timely and proper Additional Assurance Request in accordance with these Determination Procedures will be deemed to have adequate assurance of payment for future utility services under Bankruptcy Code section 366.

    i. If a Determination Motion is filed, any Utility Provider requesting additional assurance will be deemed to have adequate assurance of payment for future utility services under Bankruptcy Code section 366 without the need for payment of additional deposits or other security until an order of the Court is entered in connection with such Determination Motion.

    j. Pending resolution of any such Determination Hearing, such particular Utility Provider shall be restrained from discontinuing, altering, or refusing service to

        the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

7. The objection procedures as set forth in the Motion are hereby approved.

    (a) Any Utility Provider who objects to the Adequate Assurance Procedures outlined above must file an objection to such procedures (a "Procedure Objection") with the Court on or before twenty (20) days from the Petition Date and serve it on the Debtors at the following addresses: (i) Rockford Products Corporation, 707 Harrison Avenue, Rockford, Illinois 61104 (Attn: Douglass D. Wells); (ii) LeBoeuf, Lamb, Greene & MacRae LLP, 180 North Stetson Street, Suite 3700, Chicago, Illinois 60610 (Attn: Mohsin N. Khambati); and (iii) Goldberg Kohn, 55 East Monroe, Suite 3300, Chicago, Illinois 60603 (Attn: Andrew Cardonick).

    (b) Any Procedure Objection must (i) be made in writing; (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits, (iv) set forth why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment and (v) set forth why the Utility Provider believes it should be exempted from the Adequate Assurance Procedures.

    (c) If any Procedure Objection is timely filed and served, then, in order to resolve the Procedure Objection(s) within the thirty (30) days following the Petition Date, the Court shall hold a hearing 25 days from the Petition Date to consider the Objection(s) and whether to (i) grant final approval of the Motion and (ii) deem the Utility Companies sufficiently adequately assured for purposes of Bankruptcy Code section 366(c)(2). The Court may subsequently enter a Final Order upon resolution of the Procedure Objections to this Motion and the Adequate Assurance Procedures.

    (d) If a Procedure Objection is filed, the objecting Utility Provider shall be deemed to have adequate assurance of payment for future utility services for purposes of Bankruptcy Code section 366(c)(2) without the need for payment of additional deposits or other security until an order of the Court is entered in connection with such Objection.

    (e) All Utility Providers who do not timely file a Procedure Objection are deemed to consent to the Adequate Assurance Procedures and shall be bound by the Adequate Assurance Procedures. The sole recourse of all Utility Providers who do not timely file a Procedure Objection shall be to submit an Additional Assurance Request pursuant to the Adequate Assurance Procedures, and shall be enjoined from ceasing performance pending any Determination Hearing that may be conducted pursuant to the Adequate Assurance Procedures.

8. The Debtors are hereby authorized to provide notice and a copy of this Interim Order to Utility Providers not listed on the Utility Service List (collectively, the "Additional Utility Providers").

9. The Additional Utility Providers are subject to the terms of the Interim/Proposed Final Order, including the Adequate Assurance Procedures. As a result, the Additional Utility Providers will be afforded thirty (30) days from the date of service of the Interim/Proposed Final Order to request additional assurance, if any, from the Debtors. The Debtors can then proceed, in the time period described above, with a Determination Motion and Determination Hearing. If a Determination Motion is filed, any Additional Utility Provider requesting additional assurance will be deemed to have adequate assurance of payment for future utility services under Bankruptcy Code section 366 without the need for payment of additional deposits or other security until an order of the Court is entered in connection with such Determination Motion. If an Additional Utility Provider fails to submit a timely Additional Assurance Request that complies with the Determination Procedures, the Additional Utility Provider will be deemed to have adequate assurance of payment for future utility services under Bankruptcy Code section 366, as described herein. Contemporaneously with the service of the Interim/Proposed Final Order on any Additional Utility Provider, the Debtors will file with the Court a corresponding supplement to the Utility Service List.

10. The Debtors reserve all rights to argue that any entity listed on the Utility Service List is not a utility company for purposes of Bankruptcy Code section 366, and to argue that any such entity is compelled by contractual obligation, state or local law, or otherwise, to continue to furnish services to the Debtors notwithstanding the filing of these chapter 11 cases.

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. Notwithstanding anything to the contrary in the Motion and/or this Order, all terms and provisions of this Order (including, without limitation, any provisions authorizing the Debtors to incur, pay, or assume expenses or obligations), are expressly subject to the provisions of the Cash Collateral/Financing Order, including the Budget, as that term is defined in the Cash Collateral/Financing Order.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

14. Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: Rockford, Illinois

_____, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

CH15766.3