UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: <br><br> ROCKFORD PRODUCTS CORPORATION, et al., <br><br> Debtors.[1] | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) <br> ) Case No. 07 B 71768 <br> ) Jointly Administered <br> ) <br> ) Hon. Manuel Barbosa <br> ) |

## FINAL ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

This matter having come before the Court on the Debtors' motion (the "Motion")[2] for the entry of interim and final Orders, pursuant to sections 105(a), 366(b), 503(a) and 507(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et al., (the "Bankruptcy Code") determining adequate assurance of payment for future utility services, and the Court being satisfied with the representations made in the Motion that the relief sought is in the best interest of the Debtors' estates and creditors; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary under the circumstances; and after due deliberation thereon and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT

1. Subject to any clarifications made on the record at the hearings on this contested matter, the Motion is GRANTED on a final basis.

2. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

---

[1]   The Debtors are Rockford Products Corporation and Rockford Products Global Services, Inc.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

3.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4.  All objections to the Adequate Assurance Procedures are overruled or withdrawn, and the Adequate Assurance Procedures shall apply to all Utility Providers, unless otherwise agreed to, in writing, by the Debtors. Further, the Objection of Integrys Energy Services, Inc. ("IEG") to the Motion, filed on August 14, 2007, is hereby deemed withdrawn based on the Court's finding that IEG is not a Utility Provider under the Motion and this Final Order and is not bound by this Final Order.

5.  Subject to the Adequate Assurance Procedures described in the Interim Order entered July 26, 2007, the Debtors' Utility Providers are adequately assured of payment for future utility services by virtue of the Proposed Adequate Assurance.

6.  The Debtors shall provide a deposit equal to two (2) weeks of utility service, calculated as a historical average over the twelve (12) months immediately preceding the Petition Date, to any Utility Provider who requested such a deposit in writing (an "Adequate Assurance Request") within ten (10) days after service by the Debtors of the Interim Order on such Utility Provider.

7.  In the event that a Utility Provider did not make an Adequate Assurance Request, then each such Utility Provider is deemed adequately assured of payment for future utility services by virtue of its contentment with the status quo implicit in their decision not to make an Adequate Assurance Request.

8.  Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments or otherwise must have served a request (an "Additional Assurance Request") so that it was received, within thirty (30) days after service of the Interim Order (the

2

"Request Deadline"), by the Debtors and certain other parties at the following addresses: (i) Rockford Products Corporation, 707 Harrison Avenue, Rockford, Illinois 61104 (Attn: Douglas D. Wells); (ii) LeBoeuf, Lamb, Greene & MacRae LLP, 180 North Stetson Street, Two Prudential Plaza, Suite 3700, Chicago, Illinois 60601 (Attn: Mohsin N. Khambati); (iii) Goldberg Kohn, 55 East Monroe, Suite 3300, Chicago, Illinois 60603 (Attn: Andrew Cardonick); and (iv) Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 2500, Chicago, Illinois 60601 (Attn: Nancy A. Peterman).

9. The Interim Order was served on the Utility Service List on July 27, 2007. Therefore, the Request Deadline was August 27, 2007.

10. Upon the Debtors' receipt of any Additional Assurance Request at the addresses set forth above, the Debtors shall have fourteen (14) days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

11. Without further order of the Court, but subject to the consent of Bridge, the Debtors' pre-petition and post-petition lenders, the Debtors may enter into agreements with any Utility Companies providing any additional assurance of future payment that the Debtors, in their sole discretion, determine is reasonable. In addition, the Debtors will provide not less than five (5) days' prior written notice to the Unsecured Creditors' Committee and Bridge if the Debtors agree to pay a deposit or provide another form of security to a Utility Provider that is in excess of two (2) times the Debtors' average monthly payments to such Utility Provider over the preceding 12 months. To the extent there is any conflict between the terms of this Order or the Adequate Assurance Procedures and the individual agreements the Debtors reach with any given Utility

Provider (including agreements reached with respect to the resolution of objections to the Motion), the terms of the agreements with the Utility Provider shall control.

12. If a Utility Provider timely requests additional assurance of future payment that the Debtors believe is unreasonable, the Debtors will, within 30 days after the Request Deadline, (i) file a motion seeking a determination of adequate assurance of future payment with respect to the requesting Utility Provider (a "Determination Motion") and (ii) schedule the Determination Motion to be heard by the Court at the earliest possible date consistent with the Court's calendar (a "Determination Hearing").

13. Any Utility Provider that does not submit a timely and proper Additional Assurance Request in accordance with these Determination Procedures will be deemed to have adequate assurance of payment for future utility services under Bankruptcy Code section 366.

14. If a Determination Motion is filed, any Utility Provider requesting additional assurance will be deemed to have adequate assurance of payment for future utility services under Bankruptcy Code section 366 without the need for payment of additional deposits or other security until an order of the Court is entered in connection with such Determination Motion.

15. Pending resolution of any such Determination Hearing, such particular Utility Provider shall be restrained from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

16. Subject to any clarifications made on the record at the hearings on this contested matter, all Utility Providers are deemed, by virtue of the availability of (a) the Proposed Adequate Assurance and (b) the Adequate Assurance Procedures, to have received adequate assurance of payment and are enjoined from ceasing performance based on adequate assurance

4

of payment related issues pending any Determination Hearing that may be conducted pursuant to the Adequate Assurance Procedures.

17. The Debtors are hereby authorized to provide notice and a copy of this Final Order to Utility Providers not listed on the Utility Service List (collectively, the "Additional Utility Providers").

18. The Additional Utility Providers are subject to the terms of the Final Order and the Adequate Assurance Procedures. As a result, the Additional Utility Providers will be afforded thirty (30) days from the date of service of the Final Order to request additional assurance, if any, from the Debtors. The Debtors can then proceed, in the time period described above, with a Determination Motion and Determination Hearing. If a Determination Motion is filed, any Additional Utility Provider requesting additional assurance will be deemed to have adequate assurance of payment for future utility services under Bankruptcy Code section 366 without the need for payment of additional deposits or other security until an order of the Court is entered in connection with such Determination Motion. If an Additional Utility Provider fails to submit a timely Additional Assurance Request that complies with the Determination Procedures, the Additional Utility Provider will be deemed to have adequate assurance of payment for future utility services under Bankruptcy Code section 366, as described herein. Contemporaneously with the service of this Final Order on any Additional Utility Provider, the Debtors will file with the Court a corresponding supplement to the Utility Service List.

19. The Debtors reserve all rights to argue that any entity listed on the Utility Service List is not a utility company for purposes of Bankruptcy Code section 366, and to argue that any such entity is compelled by contractual obligation, state or local law, or otherwise, to continue to furnish services to the Debtors notwithstanding the filing of these chapter 11 cases.

20. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

21. Notwithstanding anything to the contrary in the Motion and/or this Final Order, all terms and provisions of this Order (including, without limitation, any provisions authorizing the Debtors to incur, pay, or assume expenses or obligations), are expressly subject to the provisions of the Cash Collateral/Financing Order, including the Budget, as that term is defined in the Cash Collateral/Financing Order.

22. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

23. Notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated:

September __, 2007    SEP 7 2007

UNITED STATES BANKRUPTCY JUDGE

6

CH16429.4